UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,
        Plaintiff,

v.

        Case No. 2:14-cv-10956
        District Judge Stephen J. Murphy
        Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,
        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DE 16)

This matter is before the Court for consideration of Plaintiff Johnny Tippins' Motion to Amend Complaint. (DE 16.) For the reasons that follow, Plaintiff's Motion is **GRANTED** pursuant to the limitations outlined below.

### I.    BACKGROUND

Plaintiff, a state prisoner proceeding without the assistance of counsel, filed his Complaint and Application to Proceed Without Prepayment of Fees on March 4, 2014, bringing claims under 42 U.S.C. § 1983. (DE 1, 2.) Plaintiff alleges that state prison officials, two local mayors, and the Velsicol Chemical Corporation ("Velsicol") violated his rights under the Eighth Amendment by forcing him to drink contaminated water during his incarceration. Initially, Plaintiff sought $100 million in damages for the alleged constitutional violations.

1

On May 8, 2014, Plaintiff filed his first Motion to Amend Complaint, in which he itemized and revised the amount of alleged damages to around $70 million.  (DE 7.)  On July 1, 2014, the Court screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and ordered that Plaintiff's § 1983 claims against Velsicol be dismissed because, unlike the other state Defendants, the private company was not a state actor and therefore not amenable to suit under § 1983.  (DE 9.)  The same day, the Court granted Plaintiff's first Motion to Amend Complaint.  (Id.)

On July 14, 2014, Plaintiff filed his second Motion to Amend Complaint.  (DE 10.)  In his second Motion, Plaintiff attempted to argue that his claims against Velsicol should not have been dismissed because Velsicol is a state actor and therefore amenable to suit under § 1983.  Because Plaintiff's Motion contained primarily legal arguments, the Court construed it as a Motion for Reconsideration of its July 1, 2014 Order and denied the Motion.  (DE 15.)  The Court reasoned that, despite the additional information Plaintiff provided, Velsicol did not undertake any relevant actions under the color of state law.

Plaintiff filed the instant Motion to Amend Complaint on January 23, 2015.  (DE 16.)  In his Motion, Plaintiff seeks to add facts related to the chemical he alleges was in the drinking water system of St. Louis, Michigan causing him to experience stomach aches, headaches, fatigue, and hyperthyroidism.  (DE 15 at 2.)

He was imprisoned in a correctional facility in that locality between 2004 and 2007. (Id.) He asks the Court to amend or supplement his Complaint with the additional information. (DE 16.) To date, none of the Defendants remaining in this action have been served.

**II. STANDARD**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In addition, the Local Rules of the Eastern District of Michigan require a party moving to amend a pleading to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Any amendment to a pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." *Id.*

3

## III. ANALYSIS

The Court concludes that, under the liberal amendment standard outlined in Rule 15(a)(2), Plaintiff is entitled to amend his Complaint. There is no indication that the amendment was brought in bad faith or for dilatory purposes. Nor could it be considered prejudicial to the remaining Defendants, because they have not yet been served or made an appearance in this case. Accordingly, to the extent Plaintiff attempts to add *the facts* provided in his Motion to his Complaint, his Motion is **GRANTED**.[1] (DE 16.)

However, Plaintiff has failed to follow the requirements outlined in the Local Rules. Specifically, he has not provided the Court with a copy of his entire Complaint as amended. Accordingly, **ON OR BEFORE MARCH 27, 2015** Plaintiff is directed to file with the Court the most current version of his Complaint incorporating the *factual additions* stated in his Motion. Plaintiff is cautioned that, if he fails to file his Amended Complaint by the deadline, the Court **WILL NOT** incorporate his prior pleadings by reference. *See* E.D. Mich. LR 15.1. In addition, Plaintiff is cautioned that he may only incorporate the changes described in his most recent Motion to Amend, and may not include or re-introduce Velsicol *as a*

---

[1] In his Motion to Amend, Plaintiff includes additional information about the alleged actions of non-party Velsicol. The Court has previously dismissed Plaintiff's claims against Velsicol for the reasons outlined in docket entries 9 and 15. The Court will allow Plaintiff to add such facts as they relate to his Eighth Amendment Claims against the remaining Defendants, but does not construe the instant Motion as another futile attempt to add Velsicol as a Defendant.

*party* to this case, for the reasons previously explained by the Court in its July 1, 2014 Opinion and Order (DE 9). (DE 16.)

**IT IS SO ORDERED.**

Dated: March 3, 2015                         s/Anthony P. Patti
                                             Anthony P. Patti
                                             UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 3, 2015, electronically and/or by U.S. Mail.

                                             s/Michael Williams
                                             Case Manager for the
                                             Honorable Anthony P. Patti
                                             (313) 234-5200