UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

        Plaintiff,                            Case No. 2:14-cv-10956
                                                      District Judge Stephen J. Murphy
v.                                                  Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL (DE 23)

This matter is before the Court for consideration of Plaintiff Johnny Tippins' second motion for appointment of counsel. (DE 23.) For the reasons that follow, Plaintiff's motion is **DENIED WITHOUT PREJUDICE**.

**I.    BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that state prison officials and two local mayors violated his rights under the Eighth Amendment by forcing him to drink contaminated water during his incarceration. Since filing his complaint on March 4, 2014, the Court has granted two and denied one of Plaintiff's motions to amend his complaint (DE 9, 15, and 18), has granted Plaintiff's motion to reinforce court

1

order (DE 21), and has denied without prejudice Plaintiff's initial motion for appointment of counsel. (DE 15.)

Plaintiff filed this second motion for appointment of counsel on April 8, 2015. (DE 23.) In his motion, he asks the court to appoint an attorney in this civil matter for three main reasons. First, Plaintiff contends that he is having difficulty complying with the Court's rules. As an example, he notes that he was unaware of the requirement in the Eastern District of Michigan's Local Rules that he must provide a fully amended complaint along with any motion to amend his complaint. (Mot. at ¶ 6, DE 23.) In addition, he notes that the research necessary to pursue this case requires the expertise of an attorney. (Id. at ¶ 10.) Second, he indicates that as of November 2014, the Kinross Correctional Facility removed all of the typewriters from the library, leaving Plaintiff without access to a word processing device. (Id. at ¶ 7.) Finally, Plaintiff asserts that his case has merit but all of the attorneys to whom he has written have declined to represent him in this matter. (Id. at ¶ 8.) Plaintiff also asks the Court to provide him with a copy of his original complaint because he had insufficient funds to make a copy.

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are

governed by 28 U.S.C. § 1915, which provides that "[t]he court *may request* an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for

---

[1] As noted above, although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

*pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel. Plaintiff contends that the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances. Although the claims in Plaintiff's complaint seem to involve moderately complex issues about a chemical present in the water supply, Plaintiff himself notes that these issues have already been outlined in *City of St. Louis v. Velsicol Chemical Corp.*, 708 F. Supp. 2d 632 (E.D. Mich. Mar. 25, 2010). (Mot. at ¶ 9.) Moreover, Plaintiff has on several occasions illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a reasonably clear and well-organized manner, and with appropriate legal

citation.  For example, Plaintiff has filed three motions to amend his complaint, and the Court has granted two of those motions.  (DE 9 and 18.)  In addition, the Court granted Plaintiff's motion to require service by the U.S. Marshals.  (DE 21.)

While Plaintiff's inability to access a typewriter or other word processing device may make litigation more onerous, there is no requirement that the prison provide Plaintiff with a typewriter.  *See, e.g., Wehner v. Lewis*, 985 F.3d 562, at *1 (6th Cir. 1993) (concluding that prisoners do not have "a right to possess and use a typewriter") (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985)).  Furthermore, even after the prison removed his access to a typewriter, Plaintiff has demonstrated that he is capable of engaging in motion practice and responding to Court orders.  Finally, as this is a civil case in which Plaintiff is seeking only monetary damages, there is no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case.[2]

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.**  (DE 23.)  Plaintiff may petition the Court for the

---

[2] Plaintiff does request release from prison, in addition to his damage claim for $70 million, but generally such equitable relief is beyond this Court's authority in a non-habeus corpus civil case. *See Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) ("Generally, a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)).

recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

Additionally, the Court will attach to this order a copy of Plaintiff's initial complaint.  (DE 1.)  However, Plaintiff should not expect the Court to take such a measure in the future and is cautioned that he is responsible for paying all fees associated with his lawsuit in accordance with 28 U.S.C. § 1915.  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("Payment of litigation expenses is the prisoner's responsibility.").

**IT IS SO ORDERED.**


Dated: April 9, 2015               s/Anthony P. Patti
                                   Anthony P. Patti
                                   UNITED STATES MAGISTRATE JUDGE


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on April 9, 2015, electronically and/or by U.S. Mail.

                                   s/Michael Williams
                                   Case Manager for the
                                   Honorable Anthony P. Patti
                                   (313) 234-5200