UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

               Plaintiff,                    Case No. 2:14-cv-10956
                                                District Judge Stephen J. Murphy
v.                                    Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,

               Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME IN WHICH TO SERVE DEFENDANTS (DE 40)

      This matter is before the Court for consideration of Plaintiff Johnny Tippins' motion to show good cause to extend time to serve remaining defendants, which the Court will construe as a motion for extension under Federal Rule of Civil Procedure 4(m).  (DE 40.)  For the reasons that follow, Plaintiff's motion is **GRANTED** and the MDOC is **DIRECTED** to furnish the Court with the remaining Defendants' last known addresses **WITHIN TEN DAYS OF THE DATE OF THIS ORDER.**

## I.      BACKGROUND

      Plaintiff filed his initial complaint on and application to proceed without prepayment of fees on March 4, 2014.  (DE 1 and 2.)  On April 20, 2015, in

response to an order of the Court, Plaintiff provided addresses for all defendants

yet to be served.  (DE 25.)  To date, only Barbara Meagher and Blaine Lafler have

yet to be served.

## II.   STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 4(m) provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is
> filed, the court—on motion or on its own after notice to the plaintiff—
> must dismiss the action without prejudice against that defendant or
> order that service be made within a specified time.  But if the plaintiff
> shows good cause for the failure, the court must extend the time for
> service for an appropriate period.

Fed. R. Civ. P. 4(m).  Here, more than 120 days have lapsed since Plaintiff's

March 4, 2014 Complaint.  However, Plaintiff has shown good cause for his failure

to effect timely service.  Specifically, he has complied with the Court's order to

provide addresses and has been particularly vigilant in attempting to serve the

remaining Defendants.  (*See, e.g.*, DE 20, 25, and the instant motion.)

Accordingly, the Court will **GRANT** Plaintiff an additional **90 DAYS FROM**

**THE DATE OF THIS ORDER** in which to effect service over the remaining

Defendants.

To ensure service is effected, the Michigan Department of Corrections

("MDOC") is hereby **DIRECTED** to provide the last-known addresses of

Defendants Lafler and Meagher.  In his initial complaint, Plaintiff named "MDOC

Warden Blaine Lafler" and "MDOC Deputy Warden Barbara Meagher."  (DE 1.)
The U.S. Marshals Service attempted to serve Defendants Meagher and Lafler at
their MDOC work addresses Plaintiff provided.  However, on June 1, 2015,
waivers of service were returned unexecuted as to Ms. Meagher and Mr. Lafler,
explaining that they were no longer employed by the MDOC.  (DE 29 and 30.)

It appears, therefore, that Ms. Meagher and Mr. Lafler are former State of
Michigan prison employees who can no longer be found at the work addresses
provided by Plaintiff.  Accordingly, no later than **TEN DAYS FROM THE
DATE OF THIS ORDER**, pursuant to Administrative Order 09-AO-0043, the
MDOC is **DIRECTED** to furnish the U.S. Marshals Service with Barbara
Meagher and Blaine Lafler's last-known addresses.  The information must be sent
to: Administrative Officer, U.S. Marshals Service, Eastern District of Michigan,
231 West Lafayette, Detroit, Michigan 48226.  The information may be used only
for purposes of effectuating service (or for proof of service, should a dispute arise),
and any documentation of the address will be retained only by the U.S. Marshals
Service.  Address information will not be maintained in the court file or disclosed
by the U.S. Marshals Service except as directed by court order.

The U.S. Marshals Service is authorized to mail a request for waiver of
service to Ms. Meagher and Mr. Lafler in the manner prescripted by Federal Rule
of Civil Procedure 4(d)(2) before attempting personal service.  The U.S. Marshals

Service may collect the usual and customary costs from Plaintiff after effectuating

service.

**IT IS SO ORDERED.**


Dated: August 6, 2015                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record
on August 6, 2015, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti