UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

        Plaintiff,              Case No. 2:14-cv-10956

                                        District Judge Stephen J. Murphy

v.                            Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,

        Defendants.

_____/

**ORDER DENYING PLAINTIFF'S FOURTH MOTION TO AMEND
COMPLAINT (DE 34) AND DIRECTING THE CLERK TO STRIKE DE 35
FROM THE DOCKET AND REPORT AND RECOMMENDATION TO
GRANT DEFENDANT CARUSO'S MOTION TO DISMISS (DE 32) AND
TO DISMISS THE REMAINDER OF THE ACTION *SUA SPONTE*
PURSUANT TO 28 U.S.C. § 1915(e)**

**I.**     **RECOMMENDATION**:  The Court should grant Defendant Caruso's

motion to dismiss and dismiss the remainder of the action *sua sponte* pursuant to

28 U.S.C. § 1915(e).  (DE 32.)  In addition, Plaintiff's fourth motion to amend his

complaint is DENIED as futile.  (DE 34).

**II.**     **REPORT**

     **A.**  **Procedural Background**

     Plaintiff, a state prisoner proceeding without the assistance of counsel, filed

his complaint and application to proceed without prepayment of fees on March 4,

2014, bringing claims under 42 U.S.C. § 1983.  (DE 1, 2.)  In his initial complaint, Plaintiff alleged that state prison officials and the Velsicol Chemical Corporation ("Velsicol") violated his rights under the Eighth Amendment by forcing him to drink contaminated water during his incarceration from 2004 through 2007. Initially, Plaintiff sought $100 million in damages for the alleged constitutional violations.

On May 8, 2014, Plaintiff filed his first motion to amend complaint, in which he itemized and revised the amount of alleged damages to around $70 million.  (DE 7.)  On July 1, 2014, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and ordered that Plaintiff's § 1983 claims against Velsicol be dismissed because, unlike the other state Defendants, the private company was not a state actor and therefore not amenable to suit under § 1983.  (DE 9.)  The same day, the Court granted Plaintiff's first motion to amend complaint.  (Id.)

On July 14, 2014, Plaintiff filed his second motion to amend complaint, in which he attempted to argue that his claims against Velsicol should not have been dismissed because Velsicol is a state actor and therefore amenable to suit under § 1983.  (DE 10.)  Because Plaintiff's Motion contained primarily legal arguments, the Court construed it as a motion for reconsideration of its July 1, 2014 Order and denied the motion.  (DE 15.)

2

Plaintiff filed his third motion to amend on January 23, 2015, in which he sought to add facts related to the chemical he alleges was in the drinking water system in St. Louis, Michigan, thus causing his injury.  (DE 16.)  The Court granted the motion with respect to the additional facts, but noted that any attempt to assert constitutional claims against Velsicol would remain futile.  In addition, the Court ordered Plaintiff to provide a clean copy of his fully amended complaint, in compliance with E.D. Mich. LR 15.2.  Plaintiff made a good-faith effort to comply with this order by filing an amended complaint on March 23, 2015, and the Court construed docket entries 1 and 19 to be his fully amended complaint and ordered the U.S. Marshals to serve Defendants.  (DE 21 and 22.)  To date, Defendants Patricia Caruso, George Kubin, and James C. Kelley have been served, but Defendants Blaine Lafler, Barbara Meagher, and various John Does remain unserved.

## B.    Factual Background

The Court set out the factual (and historical) background in this case in its December 19, 2014 Order denying Plaintiff's second motion to amend.  (DE 15 at 1-3.)  I incorporate the December 19, 2014 Order and will only set out the facts necessary to dispose of the instant motion.  For the purposes of the motion to dismiss, I will accept the allegations in Plaintiff's complaint as true.

## C.   The Instant Motions

Defendant Patricia Caruso, Director of the Michigan Department of
Corrections ("MDOC") filed a motion to dismiss Plaintiff's claims on June 12,
2015. (DE 32.) She asserts that Plaintiff's claims must be dismissed for three
reasons: 1) because the case has been filed outside the statute of limitations for a §
1983 action; 2) Plaintiff has failed to assert a claim under the Eighth Amendment;
and 3) Plaintiff's claims against her are barred by the Eleventh Amendment and
qualified immunity.[1]

On June 22, 2015, the Court issued an Order requiring Plaintiff to respond to
Defendant Caruso's motion on or before August 6, 2015. (DE 33.) Instead of
directly responding, Plaintiff filed a fourth motion to amend his complaint.[2] (DE
34.) In his motion, he does respond to the legal issues raised in Defendant

---

[1] In her motion, Defendant Caruso also indicates that she is entitled to a grant of
dismissal because the Court lacks subject matter jurisdiction. (DE 32 at 1-2.) She
does not develop those arguments further in her brief. Accordingly, I will address
only the three issues that have been fully briefed and identified as "Issues
Presented." (DE 32 at i.)

[2] Despite filing the document as a motion to amend, Plaintiff briefly indicates that
the amended complaint was filed within 21 days after service of Defendant
Caruso's motion to dismiss, thereby entitling him to amend his complaint as of
right. (DE 34 at 1.) He fails to note, however, that Defendant George Kubin filed
an answer on May 18, 2015. (DE 27.) According to Rule 15(a), Plaintiff is only
entitled to amend as a matter of right "21 days after service of a responsive
pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
*whichever is earlier.* Fed. R. Civ. P. 15(a)(1)(B) (emphasis added). Accordingly,
in order to amend as of right, Plaintiff would have been required to file his
amended complaint on or before June 8, 2015.

4

Caruso's motion, for example by arguing that the case was filed within the statute of limitations because he applied and was denied class certification in a previous case. He further argues that Defendant Caruso is not entitled to qualified immunity. In addition, he describes the proposed changes to his complaint as "important facts that were not mentioned in previous complaint(s)," including information from the Michigan Department of Environmental Quality and the Environmental Protection Agency. (DE 34 at ¶¶9-14.) Plaintiff also seeks to change his request for damages again, back to his original $100 million. (Id. at ¶ 31.) Although Plaintiff does not describe his other proposed changes in any detail, a review of the proposed amended complaint (DE 35) reveals that he provided additional information and detail about the chemicals discovered in the water.

Defendants George Kubin and James C. Kelly filed a response in opposition to Plaintiff's motion on July 7, 2015. (DE 36.) They (the mayor and former mayor of St. Louis) assert that Plaintiff's proposed amendment should be denied for futility. Specifically, they echo Defendant Caruso's motion to dismiss arguments that the action is barred by the statute of limitations, that they are entitled to absolute legislative immunity, and that Plaintiff has failed to state a claim under the Eighth Amendment. Defendant Caruso did not respond to Plaintiff's motion, presumably relying upon her pending motion to dismiss as a showing of futility.

5

### B. Standard

#### 1.     Motion to Dismiss

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). In addition, when deciding a motion to dismiss, "a court may consider exhibits attached to the complaint . . . so long as they are referred to in the complaint and are central to the claims contained therein." *Rondigo, LLC v. Twp. Of Richmond*, 641 F.3d 673,

6

680-81 (6th Cir. 2011) (internal quotations omitted).  Furthermore, the Court holds

*pro se* complaints to "less stringent standards than formal pleadings drafted by

lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, even in

pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature

of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th

Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### 2.    Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its

pleadings at this stage of the proceedings only after obtaining leave of court.  The

Rule provides that the Court should freely give leave for a party to amend its

pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave

to amend 'should be denied if the amendment is brought in bad faith, for dilatory

purposes, results in undue delay or prejudice to the opposing party, or would be

futile.'"  *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir.

2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

In addition, the Local Rules of the Eastern District of Michigan require a

party moving to amend a pleading to "attach the proposed amended pleading to the

motion."  E.D. Mich. LR 15.1.  Any amendment to a pleading must "reproduce the

entire pleading as amended, and may not incorporate any prior pleading by

reference." *Id.* Failure to comply with Rule 15.1, however, is not alone grounds for denial of the motion.

## C. <u>Discussion</u>

Because Defendant Caruso's motion to dismiss, Plaintiff's motion to amend, and Defendants Kubin and Kelly's response in opposition to Plaintiff's motion all address the same issues and center on the futility of Plaintiff's complaint, I will consider each of their arguments together.

### 1.    Statute of Limitations

State statute of limitations apply to determine the tolling of claims asserted under 42 U.S.C. § 1983. *McCormick v. Miami Univ.*, 693 F.3d 654, 662 (6th Cir. 2012). In Michigan, the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws § 600.5805(1) governs § 1983 actions where the cause of action arises in Michigan. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986); *see also Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004) (noting that the three-year statute of limitations outlined in § 600.5805(1) is "borrowed for § 1983 claims."). Specifically, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir. 1996).

Here, Defendant Caruso asserts that Plaintiff filed this lawsuit well after the three-year statute of limitations.  She notes that he suffered from stomach pain, headaches, and fatigue (which he blames on the water) while incarcerated at St. Louis from 2004-2007, but he did not file the instant action until 2014.  Defendants Kubin and Kelly make a similar argument in their response.  (DE 36.)

In response, Plaintiff points to a separate, largely unrelated 2006 case, in which this Court denied the plaintiffs' (a group of inmates from the St. Louis Correctional Facility) motion for class certification in 2013.  *See Rouse v. Caruso*, No. 2:06-cv-10961, 2013 WL 588916, at *1 (E.D. Mich. Jan. 7, 2013) *report and recommendation adopted*, No. 06-cv-10961, 2013 WL 569638 (E.D. Mich. Feb. 13, 2013).  The *Rouse* case involved, among many issues, a claim related to the allegedly contaminated drinking water in St. Louis.  *Rouse*, DE 200 at ¶¶ 24-26 and 50- 52.  Plaintiff was not named as a party in *Rouse*, but attempted to intervene pursuant to Federal Rule of Civil Procedure 24 on March 19, 2014.  *Id.* at DE 285. His motion to intervene was denied, however, because the Court dismissed the claims related to contaminated drinking water in 2011 (*Id.* at 239) and because "intervention would permit Tippin[s] to avoid the three year statute of limitations, which has long since passed on his claims which accrued no later than 2007."  *Id.* at DE 288.

9

As Plaintiff asserts, the *Rouse* plaintiffs filed a motion to renew class certification on March 11, 2013, which was denied on October 25, 2013. He correctly cites to *American Pipe v. Utah*, 414 U.S. 538 (1974) for the proposition that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class *who would have been parties* had the suit been permitted to continue as a class action." 414 U.S. at 554 (emphasis added). According to Plaintiff, this demonstrates that his statute of limitations did not begin to run until October 2013. However, his argument fails because he could not have been a class member in *Rouse* based on his allegations related to contaminated drinking water. The *Rouse* plaintiffs moved to certify the class in 2013, nearly two years *after* the Court dismissed their claim related to contaminated drinking water, which is the cause of action Plaintiff asserts here. Once again, it appears that Plaintiff is attempting to avoid the three-year statute of limitations on his claim.

Defendant Caruso's argument is well-taken. Plaintiff's proposed amended complaint does not cure the deficiency. His claim arose between 2004 and 2007, yet he did not file his own case until 2014, more than three years after he knew or had reason to know that the act providing the basis of his injury occurred. For example, as Defendant Caruso points out, Plaintiff's complaint states that "[t]hroughout the period of 2007 until now, Health Care at every facility I went to,

10

[sic] stated the water at St. Louis prison was not contaminated and it did not cause the hyperthyroidism disease."  (DE 1 at 6.)  He further indicates that "Health Care ignored my complaints regarding the toxic water I've ingested."  (Id.)  Thus, from the face of the complaint it appears that Plaintiff was aware of an issue with the water at St. Louis <u>and complained about it</u> *at least* as early as 2007.  *See Davis v. City of St. Louis*, No. 12-cv-10528, 2012 WL 1392357, at *2 (E.D. Mich. Mar. 23, 2012) *report and recommendation adopted*, No. 12-10528, 2012 WL 1392352 (E.D. Mich. Apr. 20, 2012) (concluding that the plaintiff's claim should be dismissed under the statute of limitations where he complained of becoming ill from the contaminated water in 2007, but did not file a complaint until 2012). Accordingly, I recommend that the Court grant Defendant Caruso's motion to dismiss on this basis.

In addition, if the Court agrees with my recommendation on this point, I further recommend that it *sua sponte* dismiss the remainder of Plaintiff's case pursuant to 28 U.S.C. § 1915(e), which provides that the Court shall *sua sponte* dismiss a case if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Here, although only Defendant Caruso has moved to dismiss, her motion has alerted the Court that the case has been filed outside of the statute of limitations, necessitating that the entire action be dismissed.  Plaintiff brings his claims under §

11

1983 against all Defendants, based on the events that occurred from 2004 through 2007.  (*See, e.g.,* DE 1 at 6: "I was incarcerated at St. Louis Correctional Facility from 2004-2007. Throughout that time, I complained to Health Care of stomach pain, headache, and fatigue.")   Accordingly, his claims against all Defendants are subject to a three-year statute of limitations, as addressed above.  Where a plaintiff subject to § 1915(e) files a case outside of the statute of limitations, *sua sponte* dismissal is appropriate.  *Day v. E.I. Du Pont de Nemours & Co.*, 165 F.3d 27, 27 (6th Cir. 1998) ("Where a particular claim is barred by the applicable statute of limitations, it does not present an arguable or rational basis in law or fact and therefore may be dismissed as frivolous under § 1915(e)(2)(B).").  Here, Plaintiff filed this action well after the time allowed by the statute of limitations, and the Court should dismiss upon a finding of frivolity.

### 2.  Deliberate Indifference

In the alternative, I recommend that the Court grant Defendant Caruso's motion on the basis that Plaintiff has failed to plead a claim under the Eighth Amendment against her.  "The deliberate indifference to serious medical needs of prisoners . . . . constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (citing *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976)).  The Court applies a two-prong test with objective and subjective components to assess claims of deliberate

12

indifference to serious medical needs of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must show that the deprivation alleged is "objectively, 'sufficiently serious.'" *Id.* (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must show that the prison official committing the act did so with a "'sufficiently culpable state of mind.'" *Id.* (citing *Wilson*, 501 U.S. at 302-03). The United States Court of Appeals for the Sixth Circuit applies the test as follows:

> First, we determine whether the plaintiff had a sufficiently serious medical need under the objective prong. A medical need is sufficiently serious if it has been diagnosed by a physician that has mandated treatment or it is so obvious that even a lay person would easily recognize the need for medical treatment. Second, we determine whether the defendant had a sufficiently culpable state of mind in denying medical care under the subjective prong.

*Burgess*, 735 F. 3d at 476 (internal citations and quotations omitted).

To succeed on the subjective prong, a plaintiff must show "more than mere negligence, but something less than specific intent to harm or knowledge that harm will result. . . ." *Id.* (citing *Farmer*, 511 U.S. at 835). Specifically, the conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "a prisoner is not required to show that he [or she] was literally ignored by the staff to prove an Eighth Amendment violation, only that his [or her] serious medical needs were

consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F. 3d 437, 448 (6th Cir. 2014).

Here, Defendant points again to the aforementioned *Davis v. City of St. Louis*, in which the plaintiff provided in his complaint a 2009 letter from the Director of the Michigan Department of Environmental Quality indicating that the level of p-CBSA detected in the City of St. Louis's drinking water was not at levels that exceeded "health based criteria." *Davis*, 2012 WL 1392357 at *3. The Magistrate Judge concluded that the plaintiff failed to state a claim under the Eighth Amendment because his complaint "demonstrate[d] that the concentration level of the chemical found in the St. Louis water system was within allowable limits, and therefore Defendants' decision to allow prisoners to continue consuming the water could not be considered deliberate indifference . . . ." *Id.* The Court reasoned that prison officials were entitled to rely on the expertise of environmental authorities and could not be faulted for failing to take action where those authorities believed there was no reason to take any remedial measures.

Similarly, here, Plaintiff has attached to his initial complaint (which remains an operative pleading) a 2010 memorandum from Dan Welihan, Manager of Environmental Health & Fire Safety in the MDOC to "SLF, STF, and SRP Forums," stating the following:

> In mid-October 2005, the City of St. Louis Mary's Office notified the
> St. Louis Correctional Facilities that the chemical para-chlorobenzene

14

> sulfonic acid (p-CBSA) was found in a low concentration in three of
> the cities['] six water wells that supply the municipal drinking water
> system.
>
>            *         *         *
>
> Per the Michigan Department Natural Resources and Environment
> (DNRE) and based on a U.S. Environmental Protection Agency
> (EPA) assessment, the concentration of p-CBSA found in the water
> supply is far below the concentration believed to cause adverse effects
> in humans.  As an extra precautionary measure, the City of St. Louis
> took two of the three affected wells off-line.  When the water from the
> four remaining wells is mixed in, the amount of p-CBSA in the
> drinking water is even further from the DNRE action level and does
> not affect the water or health.  Because of this, the DNRE states no
> special precautions need to be taken before bathing, drinking, or
> cooking with the water.

(DE 1 at 11.)  To be sure, the letter attached to Plaintiff's complaint differs slightly

from the letter referred to in *Davis*.  For example, the letter in *Davis* was from the

Director of the Michigan Department of Environmental Quality, whereas the letter

in the instant matter is from the manager of the Environmental Health & Fire

Safety Section of the MDOC.  Nevertheless, the reasoning in *Davis* applies.

Plaintiff's letter summarizes the findings of the DNRE and EPA indicating that no

special precautions needed to be taken due to the p-CBSA levels found in the

water.  Although Plaintiff attempts to plead that "prison officials were notified that

there [were] harmful chemicals in the drinking water," such a conclusory

statement, in addition to the letter indicating that prison officials were notified just

the opposite, cannot survive Defendant Caruso's motion to dismiss.[3]  Accordingly,

if the Court does not agree with the above recommendation to grant Defendant

Caruso's motion to dismiss on the basis of statute of limitations, I recommend that

the motion be granted because Plaintiff fails to state a claim under the Eighth

Amendment.

### 3.    Qualified Immunity and Eleventh Amendment Immunity

Because I have recommended that Defendant Caruso's motion be granted on

its merits, I will only briefly address her arguments related to qualified and

eleventh amendment immunity.

### a.    Qualified Immunity

The Court conducts a two-step analysis in assessing qualified immunity.

First, the Court determines whether "the violation of a constitutional right has

occurred" and second, whether the "constitutional right at issue was clearly

established at the time of defendant's alleged misconduct."  *Grawey v. Drury*, 567

F.3d 302, 309 (6th Cir. 2009).  Here, viewing the facts in the light most favorable

---

[3] Although they have not filed a motion to dismiss in the instant action, the same result may not be reached on this basis for Defendants Kubin and Kelley, the mayor and former mayor of the City of St. Louis, because Plaintiff specifically pleads that the mayor improperly informed the city's residents that the MDEQ and EPA "assured the City the drinking water in St. Louis was safe to drink."  (DE 19 at ¶ 22.)  Accordingly, if the Court concludes that Plaintiff has filed his lawsuit within the statute of limitations, but that he has failed to state a claim against Defendant Caruso under the Eighth Amendment, I recommend at this time only that Defendant Caruso's motion be granted, with the lawsuit continuing to proceed against the remaining Defendants.

to Plaintiff, and with reference to the aforementioned letters, I conclude that he has not established the violation of a constitutional right. *See supra* § (C)(2). Accordingly, Defendant Caruso would be entitled to a grant of qualified immunity.

### b. Eleventh Amendment Immunity

Where a plaintiff sues a defendant in his or her official capacity, it "is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, Plaintiff's claims against Defendant Caruso, the Director of the MDOC, in her official capacity, are claims against the State of Michigan, and "the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiff's claims for damages against Defendant Caruso are thus barred by the Eleventh Amendment.

### 4. Order on Plaintiff's Motion to Amend

Plaintiff's fourth motion to amend is denied as futile without prejudice. It is apparent that he filed the motion in response to Defendant Caruso's motion to dismiss, as he responds to several of her points within his own motion and in his proposed amended complaint. Although a district court "can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA," doing so in this case would not resolve the statute of limitations issues or

17

Eighth Amendment issues identified by Defendant Caruso. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Plaintiff's motion to amend and proposed amended complaint both address his *Rouse* arguments at length. Specifically, his proposed amended complaint includes information about the tolling of the statute of limitations based on the denial of class certification to the *Rouse* plaintiffs. (DE 35 at ¶ 27.) As addressed above, this argument is unavailing. His proposed amended complaint, therefore, does not cure the statute of limitations deficiency.

In addition, although Plaintiff provides as exhibits to his complaint documents from the 2007-2013 timeframe, which discuss the groundwater contamination in the City of St. Louis, he pleads only conclusory facts. For example, he notes in a conclusory manner that Defendant Caruso was "well aware of the seriousness this contaminated water may cause inmates and continue[ed] to allow inmates to drink the toxic water," presumably during Plaintiff's time in St. Louis from *2004-2007. See U.S. v. State of Mich.*, 940 F.2d 143, 154 n. 7 (6th Cir. 1991) (noting that "the subjective intentions of prison authorities must be demonstrated by objective manifestations of such intent, and cannot be proved by factually unsupported, conclusory opinions . . . of the prisoners or their representatives"); *Hix v. Tennessee Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006) (concluding that the district court properly dismissed the plaintiff's

18

claim for deliberate indifference because his conclusory allegations that medical professionals denied treatment with full knowledge of his condition was not sufficient to show that defendants acted with deliberateness tantamount to the intent to punish). (Id. at ¶ 13.)  Moreover, he provides as exhibits documents that indicate that prison officials like Defendant Caruso were *unaware* of the severity of the contamination during the pertinent time period of 2004-2007, which is what is relevant to his Eighth Amendment claim against her.  (*See* DE 35-1.) Specifically, he attaches a January 2006 report from the Michigan Department of Environmental Quality noting that p-CBSA did "not appear to be highly toxic," and was "not likely to be rapidly or extensively absorbed by the gastrointestinal tract," which is consistent with the 2010 letter provided in his first complaint to demonstrate that the level of water contamination was not known to prison officials during the relevant time period.  (DE 35-1 at 12.)  In light of this, he cannot prevail on a claim of "deliberate indifference," even if the timeframe were properly aligned with the operative limitations period.  Accordingly, Plaintiff's motion to amend is denied as futile.  (DE 34.)

### D.  Conclusion

In sum, I recommend that the Court **GRANT** Defendant Caruso's motion to dismiss on the basis that Plaintiff filed this case after the applicable statute of limitations expired.  (DE 32.)  If the Court agrees, I recommend that the entire

19

action be **DISMISSED** pursuant to §1915(e) on that basis, with an explicit finding
of frivolity.  In the alternative, I recommend that Defendant Caruso's motion to
dismiss be **GRANTED** because Plaintiff has failed to plead a violation of the
Eighth Amendment, and is entitled to a grant of qualified and Eleventh
Amendment immunity.  Finally, Plaintiff's motion to amend his complaint is
**DENIED** as futile.  (DE 34.)  The Clerk is directed to **STRIKE** his proposed
amended complaint from the docket.  (DE 35.)

## III.   PROCEDURE ON OBJECTIONS

### A.     Report and Recommendation

The parties to this action may object to and seek review of this Report and
Recommendation, but are required to file any objections within 14 days of service,
as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule
72.1(d).  Failure to file specific objections constitutes a waiver of any further right
of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health &
Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some
issues but fail to raise others with specificity will not preserve all the objections a
party might have to this Report and Recommendation.  *Willis v. Sec'y of Health &
Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of
Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule
72.1(d)(2), any objections must be served on this Magistrate Judge.

20

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

### B.     Order on Motion to Amend Complaint

The parties are directed to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of this Order within which to file any objections for consideration by the District Judge related to my opinion on non-dispositive matters.

**IT IS SO ORDERED.**

Dated: September 1, 2015              s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 1, 2015, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the Honorable
                                     Anthony P. Patti