UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

    Plaintiff,                                     Case No. 14-cv-10956

v.                                                                  HONORABLE STEPHEN J. MURPHY, III

PATRICIA CARUSO, et al.,

    Defendants.
                                       /

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 44)**, GRANTING
CARUSO'S MOTION TO DISMISS** (document no. 32)**, AND
DENYING TIPPINS' MOTIONS** (document nos. 45 & 47) **AS MOOT**

Plaintiff Johnny Tippins was a prisoner from 2004 through 2007 at the St. Louis Correctional Facility in St. Louis, Michigan. In 2014, he filed suit under 42 U.S.C. § 1983 against various prison administrators and city officials. Complaint, ECF No. 1. The complaint alleged that between 2004 and 2007 prison administrators had intentionally allowed him to drink and bathe using contaminated water and that the contaminated water made him ill. Defendant Patricia Caruso, Director of the Michigan Department of Corrections, filed a motion to dismiss the complaint. Mot. Dism., ECF No. 32. The Court referred the case to a magistrate judge, who recommended granting the motion to dismiss and dismissing the remaining defendants under 28 U.S.C. 1915(e) because Tippins' claims are barred by the statute of limitations. The Court has jurisdiction under 28 U.S.C. § 1331. Having reviewed the filings, the Court finds that no hearing is necessary. E.D. Mich. L.R. 7.1. The Court will adopt the Report, grant Defendant Caruso's motion to dismiss, and dismiss the remaining defendants.

**BACKGROUND**

Until 1978, Velsicol Chemical owned a large pesticide manufacturing and storage facility in St. Louis, Michigan.[1] It stored during that time vast quantities of toxic chemicals at a burn pit adjacent to the Pine River. In addition, it may have dumped chemicals directly into the river, making it dangerous to consume local fish.

After Congress passed the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601, the Environmental Protection Agency (EPA) placed the burn pit on its national priority list. In 1982, Velsicol, the State of Michigan, and the EPA entered into a consent judgment that required Velsicol to clean up the site. Mot. Amend ¶ 4, ECF No. 10. As part of the effort to contain the chemicals, Velsicol built a wall designed to block toxins from seeping into the Pine River. *Id.* ¶ 5. Subsequent studies showed that the wall was defective and that toxic chemicals were bleeding into the Pine River and poisoning St. Louis' water supply. *Id.* ¶ 8.

Tippins was a prisoner at the St. Louis Correctional Facility from 2004 through 2007. While at the Facility, he drank, bathed, and ate food prepared with the water. He subsequently suffered from stomach aches, headaches, fatigue, and hyperthyroidism. Tippins claims that the contaminated water caused him to become sick. He additionally claims that the medical staff at the St. Louis facility failed to provide treatment for his symptoms associated with hyperthyroidism.

---

[1]The background to the issues surrounding the St. Louis water supply is repeated from the Court's December 19, 2014 Order, ECF No. 15. For a more complete description of the underlying events, see *City of St. Louis v. Velsicol Chem. Corp.*, 708 F. Supp. 2d 632 (E.D. Mich. 2010).

## STANDARD OF REVIEW

In assessing a motion brought under Civil Rule 12(b)(6), the court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Bishop v. Lucent Techs., Inc.,* 520 F.3d 516, 519 (6th Cir. 2008). To determine whether a plaintiff has stated a claim, the court will examine the complaint and any written instruments that are attached as exhibits to the pleading. Fed. R. Civ. P. 12(b)(6) & 10(c). Although the pleading standard is liberal, the court need not accept as true any legal conclusion alleged therein, even if couched as a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Federal Rules of Civil Procedure do not require a claimant to set out in detail every fact upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Although "a complaint need not contain detailed factual allegations, its factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quotation marks and citations omitted). Therefore, the Court will grant a motion for dismissal under Civil Rule 12(b)(6) only in cases when there are simply not "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 566 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Furthermore, courts must screen prisoner complaints under 28 U.S.C. § 1915(e), and must dismiss the case at any time if the court determines that the action or appeal is frivolous, malicious, or fails to state a claim on which relief may be granted.

## DISCUSSION

Defendant Caruso argues that Tippins' claim is barred by the statute of limitations. Because there is no applicable "statute of limitations governing § 1983 actions, 'federal courts must borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'" *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (*quoting Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). In Michigan, there is a three year limitations period for personal injury actions. Mich. Comp. Laws § 600.5805(10). Under federal law, the limitations period "begins to run when the plaintiff knows or has reasons to know that the act providing the basis for his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)).

In the present case, Tippins knew that he suffered an injury no later than 2007. The complaint states that he was incarcerated at the St. Louis Facility from 2004 through 2007. "Throughout that time, [Tippins] complained to Health Care of stomach pain, headache, and fatigue." Complaint 3, ECF No. 1. Furthermore, he made "complaints regarding the toxic water [he had] ingested," but "was advised by Health Care personnel, the drinking water was not contaminated and it was fine to drink." *Id.* Tippins suspected that he was drinking contaminated water that was leading to health problems, at the latest, by 2007. Yet, he

4

failed to file the present complaint until 2014, well after the statute of limitations had expired.

In response, Tippins argues that a dismissed class action tolled the statute of limitations. In 2006, nineteen prisoners (Tippins was not among them) at the St. Louis Facility filed a class action contesting eighteen different aspects of their confinement. *Rouse v. Caruso*, Case No. 06-10961 (E.D. Mich 2006). One of the grounds for relief was that the water at the Facility was contaminated. *Id.*, Complaint ¶¶ 162–166, ECF No. 1. The Court denied the prisoners' motion to certify a class because they were not represented by an attorney. *Id.*, Order Denying Motion 3, ECF No. 86. In February of 2011, the magistrate judge issued a Report and Recommendation advising the Court to dismiss the Eighth Amendment claims based on the contaminated water. *Id.*, Report 44–46, ECF No. 237. The Report explained that the EPA provided information to the city about toxicology studies indicating that the chemicals were not harmful when consumed at levels below 25,000 parts per billion. The EPA's tests of the city's wells revealed chemical levels of 21 to 180 parts per billion. *Id.* at 45. The magistrate concluded that prison officials did not violate the prisoners' Eighth Amendment rights because they reasonably relied on the EPA's reports. The plaintiffs did not object to the magistrate's Report, which was then adopted by the Court. *Id.*, Order Adopting Report, ECF No. 239.

Several years later, Tippins filed a motion to intervene in the case. He acknowledged that the Court had dismissed the water contamination claims, and therefore "no longer represent the interest of class members who was effected from drinking the toxic water." *Id.,* Mot. Intervene 3, ECF No. 285. The magistrate denied his motion to intervene, explaining that "Tippin[s] seeks to intervene in support of a claim that has already been

dismissed." *Id.*, Order Denying Mot. Intervene 3, ECF No. 288. "There is no explanation for why Tippin[s] has not sought intervention in the 8 years this case has been pending, or in the several years since the drinking water claims have been dismissed." *Id.* at 4. And the magistrate judge reasoned that "intervention would permit Tippin[s] to avoid the three year statute of limitations, which has long since passed on his claims which accrued no later than 2007." *Id.*

In general, the filing of a class action tolls the statute of limitations against non-named members. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974). But that rule is inapplicable here because the Court denied the prisoners' motion to certify a class in 2007, roughly seven years before Tippins filed the present suit. Moreover, Tippins did not file a timely motion to intervene. And unlike in *American Pipe*, the Court ultimately dismissed the water-quality claims on the merits. Yet, Tippins waited an additional three years after the merits-based adjudication to file the present case. Accordingly, his complaint is time-barred and the Court will dismiss the entire action.[2]

## CONCLUSION

The Court finds that Tippins' Complaint is barred by the three year statute of limitations, and will therefore dismiss the entire case.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation (document no. 44) is **ADOPTED,** and the case is **DISMISSED WITH PREJUDICE.**

---

[2] Tippins also argues that the renewed motion to certify a class action in *Rouse* restarted his statute of limitations. But the renewed motion to certify did not involve the water-quality based claims, which the Court had already dismissed on the merits.

**IT IS FURTHER ORDERED** that Defendant Patricia Caruso's Motion to Dismiss (document no. 32) is **GRANTED.**

**IT IS FURTHER ORDERED** that Tippins' Motion to Supplement (document no. 45) and Motion For Discovery (document no. 47) are **DENIED AS MOOT**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 14, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 14, 2015, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager