UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,
    Plaintiff,

v.

Case No. 2:14-cv-10956
District Judge Stephen J. Murphy
Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,
    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DE 55)

This matter is before the Court for consideration of Plaintiff Johnny Tippins' post-judgment (and fifth) motion to amend complaint. (DE 55.) For the reasons that follow, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

The Court has allowed Plaintiff to amend his complaint twice before in this action. (DE 9 and 18.) On October 14, 2015, the Court entered an order dismissing this action in its entirety, as it was barred by the applicable three-year statute of limitations because "Tippins knew that he suffered an injury no later than 2007," but did not file his complaint until 2014. (DE 49 at 4-5.) The Court also denied Plaintiff's fourth motion to amend his complaint as futile because it did not resolve the issue of the action being time-barred. (DE 44.)

Plaintiff filed his fifth motion to amend his complaint on January 8, 2016, after judgment had been entered against him in this action. (DE 55.) In addition, he filed a copy of his proposed amended complaint. (DE 56.) In his motion, he asserts that he should be entitled to amend because the Court was "misled" by previous case law. (DE 55 at ¶ 15.) Defendants did not respond to Plaintiff's motion.

## II.   STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court. The Rule provides that the Court should freely give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 663 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

When a motion to amend is filed after entry of judgment against the plaintiff, courts must "consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010) (internal citations omitted). To allow the more permissive standard set forth in Rule 15 could allow

plaintiffs to "use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Id.* at 616 (quoting *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.). Accordingly, when a party seeks to amend a complaint after an adverse judgment, it must not only meet the permissive requirements of Rule 15, but also the requirements for re-opening a case pursuant to Rules 59 or 60. *Id.*

In addition, the Local Rules of the Eastern District of Michigan require a party moving to amend a pleading to "attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Any amendment to a pleading must "reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." *Id.*

### III. ANALYSIS

Once again, Plaintiff's attempt to amend his complaint would be futile, even under the standards of Rule 15. As addressed in my Report and Recommendation dated September 1, 2015, Plaintiff brings this action pursuant to § 1983, which is governed by the three-year statute of limitations for personal injury claims outlined in Mich. Comp. Laws §600.5805(1). (DE 44 at 8) (citing *Caroll v. Wilkerson*, 783 F. 2d 44, 45 (6th Cir. 1986)). "[T]he statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F3d 211, 220 (6th Cir.

3

1996). "[I]n determining when the cause of action accrues in §1983 cases, we look to the event that would have alerted the typical lay person to protect his or her rights." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (brackets and internal quotation omitted); *see also Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984) ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."). Furthermore, "[u]nder federal law, a cause of action generally accrues when the plaintiff has reason to know of his injury, or at the time of the defendants' action, and not when the consequences become most painful." *Frasure v. Shelby Cty. Sheriff's Dep't*, 4 F. App'x 249, 250 (6th Cir. 2001) (citing *Chardon v. Fernandez,* 454 U.S. 6, 8 (1981)).

Here, Plaintiff does not provide any additional information related to the statute of limitations that was not included in his previous pleadings. The proposed amended complaint does not dispute that Plaintiff was transferred from the St. Louis Correctional Facility in 2007, became ill, and was diagnosed with Graves disease that year. (DE 56 at ¶ 5.) He again attempts to argue that he did not learn of the water issues at St. Louis until February 19, 2014, when the facility's grievance coordinator responded to his grievance by providing 2010 memorandums explaining that the water had been contaminated. (DE 56 at ¶ 9.) However, as he did in his previous pleadings, Plaintiff explains in his proposed

4

amended complaint that he became "extremely ill" in April 2007, which led to a diagnosis of Graves' disease. (DE 56 at ¶ 5.) He specifically notes that, *during that time period* "Prisoner Health care personnel told him that St. Louis drinking water didn't cause this injury." (DE 56 at ¶ 6.) Once again, "from the face of the complaint it appears that Plaintiff was aware of an issue with the water at St. Louis and complained about it *at least* as early as 2007." (DE 44 at 11.)

This district has previously dismissed a strikingly similar complaint as time-barred. *See Davis v. City of St. Louis*, No. 12-cv-10528, 2012 WL 1392357, at *2 (E.D. Mich. Mar. 23, 2012), *report and recommendation adopted*, No. 12-10528, 2012 WL 1392352 (E.D. Mich. Apr. 20, 2012). In *Davis*, the plaintiff filed his complaint in 2012, asserting Eighth Amendment claims related to illnesses caused by contaminated drinking water at the St. Louis Correctional Facility. The plaintiff noted that he was seen by Health Care "numerous times" in 2007 and asserted that, despite his complaints about the water causing his illness, the defendants persisted in "claiming there [was] nothing wrong with the water." *Id.* at *2. The Court concluded that this provision in his complaint "clearly reveal[ed] that he knew or had reason to know in 2007 of the injury that is the basis of the action." *Id.* In the instant action, Plaintiff makes nearly the exact same allegation, but did not file his complaint until 2014; nevertheless, he was on notice of his claim at least seven

5

years before he filed suit. Like the plaintiff in *Davis*, he either "knew or had reason to know" in 2007 of the injury that is the basis of this action.

Plaintiff also asserts that the Comprehensive Environmental Response, Compensation, and Liability statute ("CERCLA") preempts Michigan's statute of limitations in this action. The relevant CERCLA provision is as follows:

> **(a) State statutes of limitations for hazardous substance cases**
>
> **(1) Exception to State statutes**
>
> In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than the federally required commencement date, such period shall commence at the federally required commencement date in lieu of the date specified in such State statute.

42. U.S.C. § 9658(a)(1). However, Plaintiff's lawsuit does not assert an underlying CERCLA action providing for cleanup and remedial activities. *See Knox v. AC & S, Inc.*, 690 F. Supp. 752, 757 (S.D. Ind. 1988) ("The discovery statute of limitations . . . is limited to personal injury or property damage causes of action under state law in situations *where there is an underlying CERCLA action providing for cleanup and remedial activities*." (emphasis added)). Instead, Plaintiff sets forth a straightforward §1983 action for his own personal injuries.

Moreover, even if CERCLA were to apply in this action, it would not

6

change the outcome. Here, the applicable limitations period does not provide a commencement date which is earlier than the federally required commencement date. The federally required commencement date is the "date the plaintiff knew (or reasonably should have known) that the personal injury . . . [was] caused or contributed to by the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(4)(A). As noted above, the date Plaintiff reasonably should have known that the personal injury was caused by or contributed to by the water contamination was in 2007, when he was diagnosed with Graves disease and notes that prison personnel told him that the "drinking water at St. Louis was not contaminated. . . ." (DE 56 at ¶ 6.)

Accordingly, I conclude that nothing in Plaintiff's motion to amend complaint or proposed amended complaint can remedy the fact that Plaintiff's action is time-barred. Accordingly, Plaintiff's motion to amend complaint is **DENIED** as futile (DE 55) and his proposed amended complaint is hereby **STRICKEN** from the docket (DE 56).

    **IT IS SO ORDERED.**


Dated: May 5, 2016                        s/Anthony P. Patti
                                                      Anthony P. Patti
                                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the order has been sent to parties of record on May 5, 2016, electronically and/or by U.S. Mail.

                                              s/Michael Williams
                                              Case Manager for the
                                              Honorable Anthony P. Patti