UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,
        Plaintiff,

v.

                            Case No. 2:14-cv-10956
                            District Judge Stephen J. Murphy
                            Magistrate Judge Anthony P. Patti

PATRICK CARUSO, *et al.*,
        Defendants.
_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR ORAL ARGUMENT (DE 52) AND REPORT AND RECOMMENDATION TO GRANT HIS MOTION FOR RELIEF FROM JUDGMENT (DE 53)

**I.    RECOMMENDATION**: The Court should grant Plaintiff's motion for relief from judgment to a limited extent for re-opening the objections period to the September 1, 2015 report and recommendation ("R&R"). In addition, Plaintiff's motion for oral argument is denied, as it is unnecessary pursuant to E.D. Mich. LR 7.1(f)(2).

**II.    REPORT**

    **A.  Procedural Background**

On September 1, 2015, I issued an R&R to dismiss this action as time-barred. (DE 44.) The Court received no objections, adopted the R&R on October 14, 2015, and entered judgment on the same day. (DE 49 and 50.) Plaintiff filed the instant post-judgment motions on November 2, 2015. In his motion for relief

from judgment, he asks the Court to set aside its October 14, 2015 order pursuant to Federal Rule of Civil Procedure 60(b) for a variety of reasons, including his repeated contention that his case is not barred by the statute of limitations and that he exhausted his administrative remedies (which has not been an issue thus far in the case). He also asserts that he was not mailed a copy of the September 1, 2015 R&R and was not able to view the document until after the objections period ended and judgment had been entered by the Court. (DE 53 at ¶ 10.)

### B. Standard

Rule 60(b) provides the Court with discretion to "relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following enumerated reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;

**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

A motion under Rule 60(b) must be filed within "a reasonable time" but "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(c). A motion under 60(b)(1), however, "must be brought within the normal time for taking an appeal," which is 30 days. *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985); Fed. R. App. P. 4(1)(A). Here, judgment was entered in this action on October 14, 2015 and Plaintiff timely filed the instant motion on November 2, 2015. (DE 50.)

  C. **Discussion**

In this action, the only plausible claim of error identified by Plaintiff is his contention that he did not receive the R&R dated September 1, 2015 in sufficient time to file objections. A review of the docket reveals no evidence that Plaintiff was mailed a hard copy of the R&R. He is not eligible to become an e-filer, so he would not have been alerted to the filing via email. *See, e.g.,* E.D. Mich. LR, "Electronic Filing Policies and Procedures" Appendix, § R3(a) (May 16, 2015) ("A filing user must be an attorney admitted in good standing . . . or a non-incarcerated *pro se* party granted permission to file on a case-by-case basis.") and §R8(c) ("A party who is *pro se* and not a filing user . . . is entitled to a hard copy of any paper filed electronically."). Pursuant to the Federal Rules of Civil Procedure, "[w]ithin 14 days *after being served* with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and

recommendations." Fed. R. Civ. P. 72(b)(2) (emphasis added). Here, according to Plaintiff and confirmed by the Court's docket, he was never served with a copy of the R&R and therefore was unable to timely object.[1] He therefore suffered the "surprise" required by Rule 60(b)(1), or alternatively, had a valid "other reason that justifies relief" under Rule 60(b)(6).

The Court may grant relief pursuant to Rule 60(b)(1) in two situations: "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). Here, Plaintiff could prevail under both circumstances. First, he can be said to have committed excusable error by failing to timely file his objections because he did not receive a mailed copy of the R&R. Thereafter, the Court entered its judgment on the mistaken assumption that Plaintiff had received the R&R but had failed to object to it.[2] Accordingly, I recommend that Plaintiff's motion be granted to the extent that the objections period is reopened for an additional fourteen days to allow Plaintiff to object pursuant to Rule 72.

---

[1] Plaintiff did note that he viewed the R&R online on October 28, 2015, thus alerting him to its existence, but this was outside of the window for filing a timely objection. (DE 55 at ¶ 12.)

[2] Notably, despite the lack of objections, the Court did a very thorough review of the issues in this case in its October 14, 2015 order. (DE 49.)

Plaintiff also moves the Court to allow oral arguments on the instant motion. The Court has discretion to allow such arguments pursuant to E.D. Mich. LR 7.1(f)(2), but need not in this case because the motion can be decided on the papers. Accordingly, Plaintiff's motion for oral argument is **DENIED**. (DE 52.)

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 932 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: May 5, 2016                        s/Anthony P. Patti
                                          Anthony P. Patti
                                          UNITED STATES MAGISTRATE JUDGE