UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TIPPINS,

      Plaintiff,                                       Case No. 2:14-cv-10956

v.                                                    HONORABLE STEPHEN J. MURPHY, III

PATRICIA CARUSO, et al.,

      Defendants.
                                              /

**ORDER ADOPTING REPORT AND
RECOMMENDATION** (document no. 60)**, GRANTING
PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND
RELIEF** (document nos. 53, 54)**, AND REOPENING THE CASE**

On September 1, 2015, Magistrate Judge Anthony Patti issued a Report and Recommendation ("September Report") to dismiss Plaintiff Johnny Tippins' ("Tippins") action in its entirety. Pursuant to Civil Rule 72(b)(2) and Local Rule 72.1(d), the parties had 14 days to file objections to the Report. The Court received no objections and on October 14, 2015 it adopted the Report and entered judgment. The following month, Tippins filed Motions for Relief from the Judgment and for Reconsideration. ECF Nos. 53, 54. In the motions, Tippins claims that he did not receive the September Report until after the deadline for objections had passed.

In response to Tippins' motion for relief from judgment,[1] the magistrate judge issued another Report and Recommendation on May 5, 2016 ("May Report"), noting that Tippins

---

[1] The motion and a motion for reconsideration were filed within four days of each other. Only the earlier-filed motion for relief from judgment was referred to Magistrate Judge Patti. *See* Order, ECF 57. Although different in form, the two functionally request the same thing: that the Court allow Tippins to file his objections and that Court consider those objections before making its decision regarding the Report and Recommendation. The Court will thus consider the latter-filed motion for reconsideration as part of the motion for relief addressed by the magistrate judge in the May Report.

did not receive adequate notice of the September Report and recommending that the Court grant the motion for reconsideration to allow for Tippins to file his objections. Later that month, on May 19, 2016, Tippins finally, and without invitation, filed his objections to the September Report.

After reviewing the filings, the Court will adopt the May Report and grant Tippins' motion for reconsideration. Having also reviewed Tippins' objections, however, the Court will, in a future order, adopt the September Report and grant Defendant Caruso's motion to dismiss and it will dismiss the remainder of the action *sua sponte* pursuant to 28 U.S.C. § 1915(e).

Tippins raises six objections to the September Report, but because resolution of the first objection renders the following five futile, only the first will be addressed.

In his first objection, Tippins argues that contrary to findings of the September Report, his claim is not barred by the statute of limitations. Obj. 8, ECF No. 61. Tippins argues that though physical symptoms of the illness on which his claim is based manifested in 2007, federal law tolled the statute of limitations. *Id.* Thus, according to the plaintiff, the required commencement date for his action was February 19, 2014 — the day he discovered unpublished decisions relating to the prisons' water contamination. *Id.*

Tippins' argument is not new. He raised the issue in his Proposed Amended Complaint and it was discussed and rejected by the magistrate judge. *See* Order 4–5, ECF No. 59. Tippins has always claimed that his symptoms manifested in 2007. From his very first complaint, Tippins has claimed that he attributed his ailments to the water and complained about it as early as 2007. *See* Comp. 3, ECF No. 1. Nothing tolled the limitations period that ran from that date.

Thus, the magistrate judge properly determined that Tippins' claims are barred by the statute of limitations — even considering the argument that Tippins raises for the second time in his first objection to the September Report. *See* Order 4–5, ECF No. 59. And Tippins' first objection is therefore without merit.

Tippins raises five more objections, each of which relate to the merits of his claims. But since the entire action is time-barred, the Court need not and will not address those objections. Consistent with the September Report, the Court will, in a future order, dismiss the remainder of Tippins' case *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and (ii). *See* Report 11–12, ECF No. 44.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 60) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Reconsideration (document no. 54) and Relief from Judgment (document no. 53) are **GRANTED** and the case is to be **REOPENED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 3, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 3, 2016, by electronic and/or ordinary mail.

s/Carol Cohron
Case Manager